

**NUMBER 13-16-00308-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**ANDREW JARED HARVEY,**                                                **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                **Appellee.**

---

### On appeal from the 36th District Court
### of Aransas County, Texas.

---

## MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Perkes
### Memorandum Opinion Per Curiam

Appellant, Andrew Jared Harvey, attempted to perfect an appeal from a conviction for murder.   We dismiss the appeal for want of jurisdiction.

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal.   *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).   Absent a timely filed notice of appeal, a court of appeals does not have jurisdiction to address the

merits of the appeal and can take no action other than to dismiss the appeal for want of jurisdiction. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

The trial court imposed sentence in this matter on August 26, 2015. Appellant filed a notice of appeal on June 6, 2016. On June 9, 2016, the Clerk of this Court notified appellant that it appeared that the appeal was not timely perfected and that the appeal would be dismissed if the defect was not corrected within ten days from the date of receipt of the Court's directive.[1] Appellant has not filed a response to the Court's notice.

Unless a motion for new trial has been timely filed, a notice of appeal must be filed within thirty days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order. TEX. R. APP. P. 26.2(a)(1). Where a timely motion for new trial has been filed, the notice of appeal must be filed within ninety days after the day sentence is imposed or suspended in open court. *See id.* 26.2(a)(2). The time within which to file the notice may be enlarged if, within fifteen days after the deadline for filing the notice, the party files the notice of appeal and a motion complying with Rule 10.5(b) of the Texas Rules of Appellate Procedure. *See id.* 26.3.

Appellant's notice of appeal, filed more than nine months after sentence was imposed, was untimely, and accordingly, we lack jurisdiction over the appeal. *See Slaton*, 981 S.W.2d at 210. Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the availability of that remedy is beyond the jurisdiction of this Court. *See* TEX.

---

[1] The trial court's certification of the defendant's right to appeal shows this is a "plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2).

CODE CRIM. PROC. ANN. art. 11.07, § 3(a) (West, Westlaw through 2015 R.S.); *see also*

*Ex parte Garcia*, 988 S.W.2d 240 (Tex. Crim. App. 1999).

The appeal is DISMISSED FOR WANT OF JURISDICTION.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
1st day of September, 2016.